# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAKEEM MILLS, | § | |
| | § | No. 715, 2014 |
| Defendant Below-<br>Appellant, | § | |
| | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | in and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | ID No. 1401009757 |
| | § | |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: December 9, 2015
Decided: January 8, 2016
Corrected: January 19, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## *ORDER*

On this 19th day of January 2016, it appears to the Court that:

(1) Defendant-Below/Appellant Rakeem Mills ("Mills") appeals from a Superior Court jury verdict finding him guilty of Possession of a Firearm By a Person Prohibited ("PFBPP"),[1] Possession of Ammunition By a Person Prohibited ("PABPP"),[2] and Criminal Mischief.[3] Mills makes one claim on appeal. Mills contends that the trial court erred when it ruled that photographs of a forty caliber handgun had been properly authenticated by the State's witness. We find no merit

---

[1] 11 *Del. C.* § 1448.
[2] 11 *Del. C.* § 1448.
[3] 11 *Del. C.* § 811.

to Mills' appeal and affirm.

(2) In January 2014, Mills was arrested due to his involvement in a shooting that occurred on New Year's Day in Wilmington, Delaware. He was subsequently indicted on charges of PFBPP, PABPP, Criminal Mischief, and Conspiracy Third Degree.[4] Trial commenced in September 2014.

(3) As part of its case-in-chief, the State sought to admit forensic analysis results, along with photographs, of a forty caliber handgun that had been recovered by the Chester Police Department in Pennsylvania. The State's forensic firearms expert, Carl Rone, had analyzed the handgun and determined that the shell casings found at the Wilmington crime scene were fired from the same handgun. However, Rone could not authenticate the photographs because he had omitted the handgun's serial number from his report. With Rone unable to authenticate, the State called Detective Gifford, in part, to authenticate the photographs.

(4) Before Detective Gifford testified regarding the handgun, Mills' trial counsel objected. After hearing arguments, the trial court overruled the objection. Specifically, the trial court held that Detective Gifford could authenticate the photographs because the handgun's serial number was visible, and evidence may be authenticated by its unique characteristics under Delaware Rule of Evidence

---

[4] 11 *Del. C.* § 511. The state *nolle prossed* this charge.

2

901(b)(4). Detective Gifford then testified that the handgun sent to Rone for testing had the same serial number as the one depicted in the photographs. Ultimately, Mills was found guilty of PFBPP, PABPP, and Criminal Mischief.[5] This appeal followed.

(5) This Court reviews a trial court's evidentiary rulings for abuse of discretion.[6] "[W]hen a court has not exceeded the bounds of reason in view of the circumstances and has not so ignored recognized rules of law or practice so as to produce injustice, its legal discretion has not been abused."[7]

(6) The burden of authentication is a lenient one.[8] A trial court may admit evidence when the presenting party has laid a sufficient foundation for a jury to find that the proffered evidence is what its proponent claims.[9] D.R.E. 901(b) provides examples of ways that evidence may be authenticated.[10] Under D.R.E. 901(b)(1), evidence may be authenticated by a witness who has knowledge that the evidence is what it is claimed to be.[11] Additionally, evidence may be authenticated by testimony referring to its "distinctive characteristics, taken in conjunction with circumstances."[12]

---

[5] The State moved to have Mills sentenced as a habitual offender for the PFBPP offense, which the trial court granted after a presentence investigation.

[6] *Parker v. State*, 85 A.3d 682, 684 (Del. 2014).

[7] *Firestone Tire and Rubber Co. v. Adams*, 541 A.2d 567, 570 (Del. 1988).

[8] *Guy v. State*, 913 A.2d 558, 564 (Del. 2006).

[9] *Parker*, 85 A.3d at 688.

[10] D.R.E. 901(b) ("By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule[.]").

[11] D.R.E. 901(b)(1).

[12] D.R.E. 901(b)(4).

3

(7) Mills' claim is unavailing. Detective Gifford testified at trial that the serial number of the handgun tested by Rone was the same as the one in the pictures admitted. Further, it is clear that Detective Gifford had personal knowledge of the handgun's serial number—a distinctive and unique characteristic—because he testified about it before being presented with the photographs in question. The State met its lenient burden of authenticating the photographs. Thus, the trial court did not abuse its discretion when it held that the photos had been properly authenticated.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

_Gary T. Vaughn_
Justice